IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALAINA GIBSON-DINKINS | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 4:16-cv-00180-FJG |
| | ) |
| PROTECTIVE INSURANCE | ) |
| COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |

## SEPARATE ANSWER OF DEFENDANT PROTECTIVE INSURANCE COMPANY

COMES NOW Defendant Protective Insurance Company ("Protective"), by and through its attorneys of record, and for its Answer to plaintiff's Petition for Damages states as follows:

### PARTIES

1. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Petition, and therefore, it denies the same.

2. This defendant admits that it is an insurance company authorized to issue policies in the State of Missouri. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore, it denies the same.

### VENUE AND JURISDICTION

3. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's Petition, and therefore, it denies the same. However, this defendant does not contests venue or jurisdiction before this Court.

## COUNT I – UNDERINSURED MOTORIST CLAIM – PROTECTIVE

4. Defendant Protective admits that there existed a policy of insurance issued by defendant Protective, Policy No. LE001009319270, to John Knox Village as the "named insured." Defendant Protective further admits that said policy afforded underinsured motorist coverage as defined and described, subject to and limited by the terms, conditions, and endorsements stated therein. However, this defendant otherwise denies the allegations contained in paragraph 4 of plaintiff's Petition, including plaintiff's allegation that Plaintiff is contractually entitled to underinsured motorist benefits under the contract or was otherwise an insured on July 17, 2013 for purposes of underinsured motorist contractual benefits.

5. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Petition, and therefore, it denies the same.

6. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's Petition, and therefore, it denies the same.

7. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Petition, and therefore, it denies the same.

8. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Petition, and therefore, it denies the same.

9. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Petition, and therefore, it denies the same.

10. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Petition, and therefore, it denies the same.

11. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Petition, and therefore, it denies the same.

12. This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's Petition, and therefore, it denies the same.

**COUNT II – UNDERINSURED MOTORIST CLAIM – STATE FARM**

13. This defendant re-states and re-alleges paragraphs 1 through 12 of its Answer and incorporates the same by reference, as though fully set forth herein.

14. In response to paragraph 14 of plaintiff's Petition, Count II of plaintiff's Petition does not relate or purport to relate to defendant Protective. Thus, no response is either required or made. To the extent the Court deems a response necessary, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Count II of plaintiff's Petition, and therefore, it denies the same.

15. In responses to paragraph 15 of plaintiff's Petition, Count II of plaintiff's Petition does not relate or purport to relate to defendant Protective. Thus, no response is either required or made. To the extent the Court deems a response necessary, defendant lacks information or

3

knowledge sufficient to form a belief as to the truth of the allegations contained in Count II of plaintiff's Petition, and therefore, it denies the same.

16.  In responses to paragraph 16 of plaintiff's Petition, Count II of plaintiff's Petition does not relate or purport to relate to defendant Protective. Thus, no response is either required or made. To the extent the Court deems a response necessary, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Count II of plaintiff's Petition, and therefore, it denies the same.

## **FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

17.  Except as expressly admitted, Defendant Protective denies each and every allegation set forth in plaintiff's Petition.

18.  Plaintiff's Petition fails to state a claim against this defendant upon which relief can be granted.

19.  Plaintiff has failed to mitigate her damages, if any, and thus any potential recovery must be reduced in accordance with Missouri law.

20.  Plaintiff's claims against this defendant fail, as a matter of law, because she is not an "insured" under the applicable Underinsured Motorist Coverage provisions of the policy at issue during any time material to plaintiff's Petition. Specifically, defendant Protective notes that the definition of an "insured" is:

> "**B. Who Is An Insured**
> If the Named Insured is designated in the Declarations as:
>
> \* \* \*
>
> **2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

4

>    **a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
>    * * *"

21.     In the alternative, should it ultimately be determined that plaintiff is entitled to any contractual Underinsured Motorist Coverage under the Protective policy issued to John Knox Village, defendant Protective states that, at all times relevant, its policy included the following language in the section/provisions pertaining to "Missouri Underinsured Motorist Coverage":

> **D. Limits of Insurance**
>
> 1. Regardless of the number of covered "autos", "insured", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsure Motorists Coverage shown in the Schedule or Declarations.
> 2. We will pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:
>    **a.** Workers' compensation law; or
>    **b.** Disability benefits law.
> 3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and this policy's Liability Coverage.
> 4. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

Thus, in the event that there is any determination that plaintiff is entitled to contractual Underinsured Motorist Coverage, which is expressly denied, Protective would, nonetheless, be entitled to a reduction or set off for all sums paid previously paid to plaintiff, as prescribed by the policy terms. Plaintiff would be and is further limited to the Limits prescribed by the policy and its terms and conditions.

22.     Additionally, in the alternative, should it ultimately be determined that plaintiff is entitled to any contractual Underinsured Motorist Coverage under the Protective policy issued to

5

John Knox Village, defendant Protective states that, at all times relevant, its policy included the following language in the section/provisions pertaining to "Missouri Underinsured Motorist Coverage":

> "**E.  Changes in Conditions**
> The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:
>
> 1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:
>
>     If there is other applicable insurance available under one or more policies or provisions of coverage:
>     a.  The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.
>
>     b.  Subject to all other provisions of this policy, including but not limited to:
>     1) Exclusion **C.2** of this endorsement;
>     2) Paragraph **D. Limit of Insurance** of this endorsement;
>     3) Paragraph **E.1.a** of the **Other Insurance** condition of this endorsement; and
>     4) The **Two Or More Coverage Forms Or Policies Issued by Us** condition of this policy.
>     Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorist insurance providing coverage on a primary basis.
>
>     c.  If the coverage under this coverage form is provided:
>     \* \* \*
>
>     2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

Thus, any coverage purportedly afforded by the policy issued by defendant Protective to John Knox Village is excess of other applicable insurance including, but not limited to, defendant

6

State Farm Mutual Automobile Insurance Company's policy, No. 2442409-C15-25 or is otherwise limited by the terms set forth above.

23. This defendant hereby gives notice of its intent to rely upon such other and further affirmative defenses as may become available or apparent during the course of pretrial discovery. Therefore, this defendant expressly reserves the right to amend its Answer to add and assert such other and additional affirmative defenses and other matters of avoidance.

WHEREFORE, for the foregoing reasons, Defendant Protective Insurance Company respectfully requests that plaintiff taken nothing from this defendant as to her Petition, that Protective be awarded its costs incurred and expended in regards to this matter, and that the Court grant it such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ K. Christopher Jayaram*
K. Christopher Jayaram     MO # 50771
Matthew T. Swift,     MO #63601
HORN AYLWARD & BANDY, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
(816) 421-0700
(816) 421-0899 (facsimile)
cjayaram@hab-law.com
mswift@hab-law.com

ATTORNEYS FOR DEFENDANT
PROTECTIVE INSURANCE COMPANY

# CERTIFICATE OF SERVICE

This hereby certifies that on the 9th day of March 2016, Defendant Protective Insurance Company's Answer to Plaintiff's Petition for Damages was served via the Court's electronic notification system on:

C. Robert Buckley
White, Graham, Buckley & Carr, LLC
19049 E. Valley View Pkwy., Suite C
Independence, MO 64055
(816) 373-0980
FAX: (816) 373-9139
bbuckley@wagblaw.com

**ATTORNEYS FOR PLAINTIFF**

Daniel E. Hamann
Deacy & Deacy LLP
920 Main Street
Suite 1900
Kansas City, Missouri 64105
816-421-4000

**ATTORNEY FOR DEFENDANT**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

> */s/ K. Christopher Jayarm*
> Attorney