IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ALAINA GIBSON-DINKINS,   )
                         )
            Plaintiff,   )
                         )
vs.                      )
                         ) Case No. 4:16-cv-00180-FJG
PROTECTIVE INSURANCE COMPANY, et al., )
                         )
                         )
            Defendants.  )

# FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by and through her attorneys, and for her First Amended Complaint against Defendants states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of Lee's Summit, Jackson County, Missouri.

2. That Defendants, Protective Insurance Company (hereinafter "Protective") and State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") are insurance companies authorized to issue policies in the State of Missouri.

## VENUE AND JURISDICTION

3. This case was removed to this Court by Defendant Protective Insurance Company. Venue is proper in this court because this case arises out of a collision that occurred in Lee's Summit, Missouri, and both insurance policies which are the subject of

this action were issued in Lee's Summit, Jackson County, Missouri.

## COUNT I—UNDERINSURED MOTORIST CLAIM—PROTECTIVE

(Underinsured Motorist)

4.  On July 17, 2013, Plaintiff was insured under an insurance policy provided by Defendant Protective under Policy No. LE001009319270. The insurance policy provided limits of underinsured motorist coverage of $1,000,000 per person and Plaintiff is entitled to the underinsured motorist benefits thereunder because she is an insured under said policy.

5.  That on July 17, 2013, Plaintiff, Alain Gibson-Dinkins, was a passenger on a motorcycle operated by Geoffrey D. Dinkins at or near the intersection of SE M-291 Highway and the ramp of westbound U.S. Highway 50 in Lee's Summit, Jackson County, Missouri. Geoffrey Dinkins was southbound approaching the intersection when Anthony B. Coulson, who was approaching the intersection northbound, turned left in front of the motorcycle causing a collision with the motorcycle. Plaintiff, Alaina Gibson-Dinkins, was thrown from the motorcycle causing serious bodily injuries as described below.

6.  Anthony Coulson was negligent in the following respects: to-wit:

    a.  he failed to yield the right-of-way;

    b.  he failed to keep a careful lookout;

    c.  he failed to apply his brakes in a timely manner;

    d.  he failed to signal his intention to turn; and

    e.  he knew or by the use of the highest degree of care, could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened his speed, but

failed to do so.

7. The aforesaid carelessness and negligence of Anthony Coulson directly caused the collision and directly caused, or directly contributed to cause, the following permanent, severe and disabling injuries to Plaintiff, Alaina Gibson-Dinkins' neck, head, left shoulder, left lower extremity and a fractured great toe; she also suffered a concussion, vestibular dysfunction, dizziness, and complex regional pain syndrome. Plaintiff also suffered multiple abrasions and cuts.

8. Plaintiff has incurred medical bills for the care and treatment of her injuries in excess of $75,000.00 and because of the permanent nature of her injuries she will continue to incur medical expenses indefinitely in the future.

9. Plaintiff has also suffered lost income as a result of her injuries and will continue to suffer lost income in the future. Plaintiff is permanently disabled from working because of her injuries.

10. Plaintiff made a claim against American Family Insurance Company, the insurer for Anthony Coulson for her injuries. Plaintiff settled the claim against Anthony Coulson's insurer, American Family Mutual Insurance Company for the full policy limits with the consent of Defendant Protective which agreed to waive its subrogation under the underinsured motorist coverage.

11. Anthony Coulson is legally obligated to pay damages to Plaintiff, but the policy limits available under the liability insurance coverage of Anthony Coulson were insufficient and inadequate to compensate Plaintiff for the damages sustained by her. Therefore, Anthony Coulson was the operator of an underinsured motor vehicle as defined in the policy issued by Defendant Protective. Anthony Coulson was operating an

underinsured motor vehicle as defined in said policy of insurance because the policy of insurance issued to Anthony Coulson is inadequate to pay the full amount Plaintiff is legally entitled to recover as damages because the injuries and damages suffered by Plaintiff exceed the amount of liability insurance provided to Anthony Coulson.

12. On December 8, 2013, an agent for Defendant Protective gave consent to the settlement with American Family Insurance Company and confirmed that "underinsured motorist coverage was being afforded under Protective's policy with Plaintiff's employer, John Knox Village. In reliance upon the consent being given and confirmation of coverage the underinsured motorist endorsement of Defendant Protective's policy, Plaintiff settled and accepted the limits of coverage insuring Anthony Coulson.

13. All conditions precedent to the duty of the Defendant Protective to provide the coverage in question and pay damages accordingly have occurred or been performed. Plaintiff is therefore entitled to the benefits of the underinsured motorist coverage under the policy identified above as Anthony Coulson was an underinsured motorist.

**WHEREFORE**, Plaintiff, Alaina-Gibson Dinkins, prays judgment on Count I of this *First Amended Complaint* against Defendant, Protective Insurance Company, for reasonable damages in excess of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), for her costs herein incurred and expended, and for such other relief as the Court deems just and proper.

### COUNT II—UNDERINSURED MOTORIST CLAIM—STATE FARM

**COMES NOW** Plaintiff, by and through her attorneys, and for Count II of her Complaint against Defendant State Farm states:

14. Plaintiff incorporates by reference paragraphs numbered 1 through 3 and 5 through 11 of Count I as though fully set forth herein.

15. On July 17, 2013, Plaintiff was insured under an insurance policy provided by Defendant State Farm under Policy No. 244 2409-C15-25 because she was a passenger on the motorcycle insured under this policy. The insurance policy provided limits of underinsured motorist coverage of $100,000 per person and Plaintiff is entitled to the underinsured motorist benefits thereunder.

16. The policy limits available under the liability insurance coverage of Anthony Coulson were insufficient to compensate Plaintiff for the damages sustained by her. Therefore, Anthony Coulson was the operator of an underinsured motor vehicle as defined in the policy issued by Defendant State Farm. Anthony Coulson was operating an underinsured motor vehicle as defined in said policy of insurance because the policy of insurance issued to Anthony Coulson is inadequate to pay the full amount Plaintiff is legally entitled to recover as damages. Plaintiff is entitled to the benefits of the underinsured motorist coverage under the policy identified above as Anthony Coulson was an underinsured motorist.

17. All conditions precedent to the duty of the Defendant State Farm to provide the coverage in question and pay damages accordingly have occurred or have been performed. Defendant State Farm did consent to the settlement with the insurer of Anthony Coulson for the limits of coverage. Plaintiff is therefore entitled to the benefits of the underinsured motorist coverage under the policy identified above as Anthony Coulson was an underinsured motorist.

**WHEREFORE**, Plaintiff, Alaina Gibson-Dinkins, prays judgment on Count II of this

*First Amended Complaint* against Defendant, State Farm Mutual Automobile Insurance Company, for reasonable damages in excess of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), for her costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## COUNT III – EQUITABLE RELIEF

**COMES NOW** Plaintiff, by and through her attorneys, and for Count III of her First Amended Complaint against Defendant Protective states:

18. Plaintiff incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

19. At the time the insurance policy was issued by Defendant Protective to John Knox Village, Plaintiff was employed by John Knox Village and was provided a vehicle to be used for employment and for personal use.

20. Plaintiff paid for the personal use of the vehicle provided to her, which included part of the premium for insurance coverage. She made the payments with the intent that she would have the benefits of full coverage under Policy No. LE001009319270, including but not limited to underinsured motorist coverage.

21. Defendant Protective, through its agents and employees, knew and understood that the vehicle used by Plaintiff would be covered for personal use. It was the intent of Defendant Protective, John Knox Village and Plaintiff that Plaintiff would be paying for personal use and that she would be named and considered as an individual insured under the policy of insurance as if she was a named insured.

22. It is only through mutual mistake of Plaintiff and Defendant Protective that

Plaintiff was not included as a named insured under the policy.

23. The policy issued by Defendant Protective does not incorporate the true prior intention of the parties, that employees of John Knox Village including Plaintiff who used vehicles for personal use would have full coverage under the policy of insurance as an individual insured under the policy.

24. Plaintiff, John Knox Village and Defendant Protective had agreed to accomplish a particular objective which was to provide full coverage for Plaintiff under the policy of insurance as if she was a named insured. It was only through the mistake of Defendant Protective that Plaintiff was not named as a named insured under the policy.

25. The intent of Defendant Protective is confirmed by an email sent by Susan Kohler on behalf of Defendant Protective on December 8, 2013 that stated that Plaintiff was free to accept the offer of liability limits made to Plaintiff by American Family and confirmed that "underinsured motorist coverage is being afforded under Protective's Policy with John Knox Village for the 7/17/13 accident."

26. Plaintiff relied upon the representation of Susan Kohler and accepted the limits of coverage from Anthony Coulson's insurer and thereby suffered detriment and injury because of her reliance.

27. Plaintiff is entitled to reformation of the insurance policy issued by Defendant Protective so that coverage for the injuries and damages suffered by Plaintiff as described above are covered under the underinsured motorist coverage of the policy issued by said Defendant. Defendant Protective should also be equitably estopped from denying and withdrawing coverage after earlier confirming that such coverage existed after Plaintiff relied upon Defendant's agent's confirmation of coverage.

**WHEREFORE**, Plaintiff, Alaina Gibson-Dinkins, prays judgment on Count III of her *First Amended Complaint* against Defendant Protective reforming the insurance policy to provide underinsured motorist coverage to Plaintiff, or alternatively equitably estopping Defendant from denying coverage, and for reasonable damages in excess of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), for her costs herein incurred and expended, and for such other relief as the Court deems just and proper.

*Respectfully submitted,*

WHITE, GRAHAM, BUCKLEY & CARR, LLC

By: _____
C. ROBERT BUCKLEY     #28837
19049 E. Valley View Pkwy, Suite C
Independence, Missouri 64055
(816) 373-9080
(816) 373-9319  *Tele-facsimile*
bbuckley@wagblaw.com

ATTORNEYS FOR PLAINTIFF.

A copy of the foregoing *First Amended Complaint* was mailed this 22nd day of November, 2016, to:

K. Christopher Jayaram
HORN AYLWARD & BANDY, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
cjayaram@hab-law.com

Attorneys for Defendant,
Protective Insurance Company

Daniel E. Hamann
DEACY & DEACY LLP
920 Main Street, Suite 1900
Kansas City, Missouri 64105
deh@deacylaw.com

Attorney for Defendant
State Farm Mutual Automobile Insurance Company

_____
C. Robert Buckley