**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ALAINA GIBSON-DINKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO.:  4:16-cv-00180-FJG |
| | ) | |
| PROTECTIVE INSURANCE | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SEPARATE ANSWER OF DEFENDANT PROTECTIVE INSURANCE COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Protective Insurance Company ("Protective"), by and through its attorneys of record, and for its Answer to plaintiff's First Amended Complaint ("Complaint") states as follows:

## PARTIES

1.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint, and therefore, it denies the same.

2.      This defendant admits that it is an insurance company authorized to issue policies in the State of Missouri.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore, it denies the same.

## VENUE AND JURISDICTION

3.      This defendant admits that this case was removed by this defendant.  This defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of plaintiff's Complaint, and therefore, it denies the same. However, this defendant does not contest venue or jurisdiction before this Court.

## COUNT I – UNDERINSURED MOTORIST CLAIM – PROTECTIVE

4.      Defendant Protective admits that there existed a policy of insurance issued by defendant Protective, Policy No. LE001009319270, to John Knox Village as the "named insured." Defendant Protective further admits that said policy afforded underinsured motorist coverage as defined and described, subject to and limited by the terms, conditions, and endorsements stated therein.  However, this defendant otherwise denies the allegations contained in paragraph 4 of plaintiff's Complaint, including plaintiff's allegation that plaintiff is contractually entitled to underinsured motorist benefits under the contract, or was otherwise an insured on July 17, 2013 for purposes of underinsured motorist contractual benefits.   This defendant denies that plaintiff, at the time of the accident on July 17, 2013, was an insured under said policy.

5.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Complaint, and therefore, it denies the same.

6.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6, including subparts (a) through (e), of plaintiff's Complaint, and therefore, it denies the same.

7.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint, and therefore, it denies the same.

8.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Complaint, and therefore, it denies the same.

9.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Complaint, and therefore, it denies the same.

10.      This defendant denies the allegations contained in paragraph 10 of plaintiff's Complaint.

11.      This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Complaint, and therefore, it denies the same.

12.      This defendant denies the allegations contained in paragraph 12 of plaintiff's Complaint.

13.      This defendant denies the allegations contained in paragraph 13 of plaintiff's Complaint.

## **COUNT II – UNDERINSURED MOTORIST CLAIM – STATE FARM**

14.      This defendant re-states and re-alleges paragraphs 1 through 13 of its Answer and incorporates the same by reference, as though fully set forth herein.

15.      In response to paragraph 15 of plaintiff's Complaint, Count II of plaintiff's Complaint does not relate or purport to relate to defendant Protective.  Thus, no response is either required or made.   To the extent the Court deems a response necessary, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Count II of plaintiff's Complaint, and therefore, it denies the same.

16.      In responses to paragraph 16 of plaintiff's Complaint, Count II of plaintiff's Complaint does not relate or purport to relate to defendant Protective.  Thus, no response is either required or made.   To the extent the Court deems a response necessary, defendant lacks

information or knowledge sufficient to form a belief as to the truth of the allegations contained in Count II of plaintiff's Complaint, and therefore, it denies the same.

17.     In responses to paragraph 17 of plaintiff's Complaint, Count II of plaintiff's Complaint does not relate or purport to relate to defendant Protective.  Thus, no response is either required or made.   To the extent the Court deems a response necessary, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Count II of plaintiff's Complaint, and therefore, it denies the same.

### COUNT III – EQUITABLE RELIEF

18.     This defendant re-states and re-alleges paragraphs 1 through 17 of its Answer and incorporates the same by reference, as though fully set forth herein.

19.     This defendant admits that at the time the insurance policy was issued by this defendant to John Knox Village, Plaintiff was employed by John Knox Village.  This defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of plaintiff's Complaint, and therefore, it denies the same.

20.     This defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's Complaint, and therefore, it denies the same.

21.     This defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.     This defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint.

23.     This defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

Case 4:16-cv-00180-FJG   Document 50   Filed 12/06/16   Page 4 of 10

24.     This defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.

25.     This defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26.     This defendant denies the allegations contained in paragraph 26 of plaintiff's Complaint.

27.     Paragraph 27 of plaintiff's Complaint represents an improper legal conclusion, and therefore, no response is warranted or necessary.  Notwithstanding, this defendant denies the allegations contained in paragraph 27 of plaintiff's Complaint.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

28.     Except as expressly admitted, Defendant Protective denies each and every allegation set forth in plaintiff's Complaint.

29.     Plaintiff's Complaint fails to state a claim against this defendant upon which relief can be granted.

30.     Plaintiff has failed to mitigate her damages, if any, and thus any potential recovery must be reduced in accordance with Missouri law.

31.     Plaintiff's claims against this defendant fail, as a matter of law, because she is not an "insured" under the applicable Underinsured Motorist Coverage provisions of the policy at issue during any time material to plaintiff's Complaint.  Specifically, defendant Protective notes that the definition of an "insured" is:

"**B.    Who Is An Insured**
If the Named Insured is designated in the Declarations as:

* * *

**2.**     A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

5

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

\* \* \*"

32. In the alternative, should it ultimately be determined that plaintiff is entitled to any contractual Underinsured Motorist Coverage under the Protective policy issued to John Knox Village, defendant Protective states that, at all times relevant, its policy included the following language in the section/provisions pertaining to "Missouri Underinsured Motorist Coverage":

**"D. Limits of Insurance**

1. Regardless of the number of covered "autos", "insured", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsure Motorists Coverage shown in the Schedule or Declarations.
2. We will pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:
   a. Workers' compensation law; or
   b. Disability benefits law.
3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and this policy's Liability Coverage.
4. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

Thus, in the event that there is any determination that plaintiff is entitled to contractual Underinsured Motorist Coverage, which is expressly denied, Protective would, nonetheless, be entitled to a reduction or set off for all sums paid previously paid to plaintiff, as prescribed by the policy terms. Plaintiff would be and is further limited to the Limits prescribed by the policy and its terms and conditions.

33. Additionally, in the alternative, should it ultimately be determined that plaintiff is entitled to any contractual Underinsured Motorist Coverage under the Protective policy issued to John Knox Village, which is expressly denied, defendant Protective states that, at all times

6

relevant, its policy included the following language in the section/provisions pertaining to

"Missouri Underinsured Motorist Coverage":

> **"E.    Changes in Conditions**
> The Conditions are changed for Missouri Underinsured Motorists Coverage
> as follows:
>
> 1. **Other Insurance** in the Business Auto and Garage Coverage Forms and
>    **Other Insurance – Primary And Excess Insurance Provisions** in the
>    Truckers and Motor Carrier Coverage Forms are replaced by the following:
>
>    If there is other applicable insurance available under one or more policies or
>    provisions of coverage:
>       **a.** The maximum recovery under all coverage forms or policies
>    combined may equal but not exceed the highest applicable limit for
>    any one vehicle under any coverage form or policy providing
>    coverage on either a primary or excess basis.
>
>       **b.** Subject to all other provisions of this policy, including but not limited
>    to:
>          **1)** Exclusion **C.2** of this endorsement;
>          **2)** Paragraph **D. Limit of Insurance** of this endorsement;
>          **3)** Paragraph **E.1.a** of the **Other Insurance** condition of this
>    endorsement; and
>          **4)** The **Two Or More Coverage Forms Or Policies Issued by
>    Us** condition of this policy.
>    Any insurance we provide with respect to a vehicle the Named
>    Insured does not own shall be excess over any other collectible
>    underinsured motorist insurance providing coverage on a primary
>    basis.
>
>       **c.** If the coverage under this coverage form is provided:
>          * * *
>
>          **2)** On an excess basis, we will pay only our share of the loss that
>    must be paid under insurance providing coverage on an
>    excess basis.  Our share is the proportion that our limit of
>    liability bears to the total of all applicable limits of liability
>    for coverage on an excess basis.

Thus, any coverage purportedly afforded by the policy issued by defendant Protective to John

Knox Village is excess of other applicable insurance including, but not limited to, defendant State

Farm Mutual Automobile Insurance Company's policy, No. 2442409-C15-25 or is otherwise limited by the terms set forth above.

34. Under Missouri law, Plaintiff cannot evoke the equitable principle of estoppel to establish insurance coverage in the first instance where none existed before.

35. Under Missouri law, reformation of a written instrument is an extraordinary equitable remedy that should be granted with great caution and only in clear cases of fraud or mistake.

36. Plaintiff's alleged mistake is not mutual in nature, and no prior or preceding agreement between the parties exists which evidences a mistake which was mutual and common to the parties to the insurance policy.

37. Plaintiff's subjective intent is not substitute for proof of a meeting of the minds of the parties with respect to the terms of a specific agreement to which the existing insurance policy can be reformed.

38. Plaintiff's equitable claim for reformation on the basis of mutual mistake does not sufficiently plead "mistake" under the heightened pleading standards set forth under Federal Rule 9(b), in that Plaintiff fails to set forth the "who, what, where, when and why" of the negotiations which were "mistakenly" reduced to writing in the insurance policy.

39. Plaintiff's equitable claim for reformation must be proven by clear, cogent, and convincing evidence.

40. Plaintiff has failed to comply with the other terms and conditions of the Protective policy, as it relates to UIM coverage.

41. Plaintiff's equitable claims are not subject to determination by trial by jury.

42. This defendant hereby gives notice of its intent to rely upon such other and further affirmative defenses as may become available or apparent during the course of pretrial discovery.

8

Therefore, this defendant expressly reserves the right to amend its Answer to add and assert such other and additional affirmative defenses and other matters of avoidance.

WHEREFORE, for the foregoing reasons, Defendant Protective Insurance Company respectfully requests that plaintiff taken nothing from this defendant as to her Complaint, that Protective be awarded its costs incurred and expended in regards to this matter, and that the Court grant it such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ K. Christopher Jayaram*
K. Christopher Jayaram                          MO # 50771
Jeffrey T. Donoho,                              MO #62852
HORN AYLWARD & BANDY, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri  64108
(816) 421-0700
(816) 421-0899 (facsimile)
cjayaram@hab-law.com
jdonoho@hab-law.com

**ATTORNEYS FOR DEFENDANT**
**PROTECTIVE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This hereby certifies that on the 6th day of December 2016, Defendant Protective Insurance Company's Answer to Plaintiff's First Amended Complaint was served via the Court's electronic notification system on:

C. Robert Buckley
White, Graham, Buckley & Carr, LLC
19049 E. Valley View Pkwy., Suite C
Independence, MO 64055
(816) 373-0980
FAX: (816) 373-9139
bbuckley@wagblaw.com

**ATTORNEY FOR PLAINTIFF**

Daniel E. Hamann
Deacy & Deacy LLP
920 Main Street
Suite 1900
Kansas City, Missouri 64105
816-421-4000

**ATTORNEY FOR DEFENDANT
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

*/s/ K. Christopher Jayaram*
Attorney

10