IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALAINA GIBSON-DINKINS, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:16-cv-00180-FJG |
| | ) |
| PROTECTIVE INSURANCE | ) |
| COMPANY, et al., | ) |
|     Defendants. | ) |

**ORDER**

Pending before the Court are (1) Defendant Protective Insurance Company's Motion for Leave to take Depositions of Retained Experts (Doc. No. 55); and (2) Defendant State Farm's Motion to Join Defendant Protective's Motion (Doc. No. 65). As an initial matter, State Farm's motion is GRANTED.

Defendants request leave to take the depositions of two of plaintiff's retained experts (1) Bernard Abrams, M.D., a neurologist; and (2) Daniel J. Welsh, a CPA testifiying as to lost earnings. Defendants argue that the reports are incomplete; as to Dr. Abrams, defendants seek information (among other things) about the nature of Dr. Abrams current clinical practice and the basis for his conclusions that plaintiff is permanently disabled due to complex regional pain syndrome (CRPS). With respect to Mr. Welsh, defendants want to clarify how he arrived at the exact figure of plaintiff's historical earnings, why he used certain statistical indicators in his future and present value calculations, and how he has tested his methodologies. Defendants note that the depositions they seek to take are short - no more than two hours per witness.

In response, plaintiff argues that she ensured that her reports set forth the substance of a direct examination and there is no need to depose these experts. Plaintiff argues that although defendant states the reports are incomplete, defendant doesn't specify how (arguing that foundational facts are provided). In its reply, Protective argues that the reports do not provide sufficient information to effectively cross examine the witnesses at trial or to fully understand the factual basis and methodologies underlying their conclusions. Defendant notes that with respect to Dr. Abrams, his list of prior cases provides only the names of attorneys, not the names of the case or identifying information from which the testimony could be located, and also is missing a description of how he is being paid. Dr. Abrams also does not identify whether he has an ongoing medical practice. Defendant also notes that CRPS "is often used as a nebulous medical 'catch-all' diagnosis for many providers, and it is absolutely critical in this case to fully understand Dr. Abrams' basis for such opinions." With respect to CPA Welsh, defendant indicates that it has consulted with its own economic experts and it is defendant's understanding that there are flaws in his methodology.

Upon review of the parties' arguments, the Court finds that defendants have sufficiently demonstrated that depositions of Dr. Abrams and Mr. Welsh are needed in order to clarify the issues identified in the defendants' suggestions. Therefore, Protective Insurance Company's Motion for Leave to take Depositions of Retained Experts (Doc. No. 55) is GRANTED.

**IT IS SO ORDERED.**

Date: <u>February 28, 2017</u>  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge